**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| EVERBANK,            )<br>                           )<br>        Plaintiff,   )<br>vs.                        )<br>                           )<br>LEACH JOHNSON SONG & GRUCHOW,  )<br>SEDONA CONDOMINIUM ASSOCIATION, )<br>INC.; and DOES 1 through 20, inclusive, )<br>                           )<br>        Defendants.  )<br>                           ) | Case No.: 2:14-cv-00371-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion for Temporary Restraining Order (ECF No. 2) filed by Plaintiff EverBank ("Plaintiff").

**I.      BACKGROUND**

This action involves real property commonly known as 9000 S. Las Vegas Blvd #1172, Las Vegas, Nevada 89123-3373, APN 177-21-113-524 ("Subject Property"). (Compl. ¶ 5, ECF No. 3.)  The Subject Property is located "in a common interest community that requires the payment of monthly dues to Sedona Condominium Association, Inc. ("Sedona HOA"). (*Id.* ¶ 8.)

Plaintiff alleges that it is the current beneficial interest holder, through assignment, of a Deed of Trust encumbering the Subject Property. (*Id.* ¶ 11; *see also id.* ¶ 9–10.)  Plaintiff further alleges that "Sedona HOA is claiming an interest in the Subject Property pursuant to its Notice of Delinquent Assessment Lien ("HOA line")" that was recorded on May 28, 2010. (*Id.* ¶ 12.) Thereafter, on July 13, 2010, Defendant Leach Johnson Song & Gruchow ("Gruchow"), "as trustee for Sedona HOA, recorded a Notice of Default." (*Id.* ¶ 13.) On January 28, 2013, Gruchow, on behalf of Sedona HOA, recorded a Notice of Foreclosure Sale of the Subject

Property in which Defendants set a sale date of April 18, 2013. (*Id.* ¶ 14.)  The foreclosure sale was subsequently postponed and is currently set for March 20, 2014. (*Id.* ¶ 15.)

Prior to filing the instant action, Plaintiff "requested that Gruchow provide a super-priority HOA lien payoff so that [Plaintiff] could tender the super priority lien amount and protect its security interest." (*Id.* ¶ 16.)  Plaintiff alleges, however, that "Gruchow failed to provide the Sedona HOA's super-priority payoff." (*Id.* ¶ 17.)  As a result, Plaintiff filed the instant action alleging four claims for relief: (1) injunctive relief to enjoin the sale; (2) declaratory relief;[1] (3) accounting; and (4) unjust enrichment. (*Id.* ¶¶ 18–39.)  In addition, Plaintiff filed a Motion for Temporary Restraining Order seeking to enjoin the March 20, 2014 Trustee's Sale (ECF No. 2).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific

---

[1] Plaintiff seeks a judicial declaration that:
> (a) [Plaintiff's] prior-recorded first position deed of trust on the Subject Property is not affected by Sedona HOA's foreclosure sale conducted pursuant to NRS Chapter 116; and that (b) The purchaser of the Subject Property at Sedona HOA's foreclosure sale, conducted pursuant to NRS Chapter 116, takes the Subject Property subject to [Plaintiff's] prior-recorded first position deed of trust.

(Compl. ¶ 26, ECF No. 3.) Alternatively, Plaintiff seeks a judicial declaration that:
> (a) [Plaintiff] is entitled to obtain the 9 month super-priority HOA lien payoff.  NRS 116.3116 provides that the association's lien for assessments is subordinate to a first deed of trust, such as [Plaintiff's] deed of trust in the instant case, subject to one exception. Specifically, under NRS 116.3116(2), an association's lien is superior to a first deed of trust "to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115, which would have become due on the absence of acceleration during the 9 months immediately preceding institutions of an action to enforce the lien"; (b) The super-priority portion of the HOA lien is limited to 9 months of regular monthly assessments.  The super-priority lien, therefore, does not include interest, late charges, fines, or costs of collecting; (c) [Plaintiff's] payment of the 9 month super-priority HOA lien prevents Sedona's HOA lien from gaining priority over its prior-recorded first position deed of trust; and (d) Defendants are required to provide the 9 month super-priority HOA lien payoff to [Plaintiff] and are barred from conducting Sedona HOA's trustee sale unless and until the super-priority lien payoff amount is provided to [Plaintiff] and [Plaintiff] is allowed a reasonable time to tender payment.

(*Id.* ¶ 27.)

facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.

The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l. Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination

and makes it difficult to obtain affidavits from persons who would be competent to testify at trial.  The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (citing 11 C. Wright and A. Miller, *Federal Practice and Procedure, Civil*, § 2949 at 471 (1973)).

### III. DISCUSSION

In this case, the Court finds that Plaintiff has met its burden under *Alliance for the Wild Rockies v. Cottrell* and that a temporary restraining order is necessary in this case to maintain the status quo through the pendency of this action.

#### A.     Strong Questions Going to the Merits

Plaintiff first requests a declaration that the foreclosure of an HOA super-priority lien does not extinguish the first recorded deed of trust.  Plaintiff also seeks a declaration that, even if a portion of the section 116.3116 HOA lien has priority over the first recorded Deed of Trust, the portion of this super priority lien is limited to the amount of nine months of monthly assessments exclusive of any costs, fees, penalties, etc.  Based on the language of the statute, the Court finds strong questions going to the merits of Plaintiff's declaratory judgment action, namely, the amount that Plaintiff would need to pay in order to satisfy any portion of the lien that is senior to Plaintiff's Deed of Trust.

Furthermore, given the varying interpretations that the Nevada state courts and the judges of this district have given this statute, the Court finds strong questions going to the merits of Plaintiff's request for a declaration that a first recorded Deed of Trust is not extinguished when an HOA forecloses on an HOA lien. *Compare SFR Investments Pool 1, LLC v. Wells Fargo Bank, N.A.*, No. 2:13-cv-01153-APG-PAL (D. Nev. July 25, 2013) (concluding that the HOA had established a likelihood of succeeding on the merits of its claim that foreclosure of the super priority portion of the HOA lien extinguished a first recorded Deed of

Trust), *and First 100, LLC v. Burns*, No. A677693 (8th Judicial D. Ct. Clark Cnty., Nev. May 30, 2013) (concluding that, pursuant to Chapter 116 of the Nevada Revised Statutes, the non-judicial foreclosure of an HOA lien extinguishes prior recorded security interests), *with Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, No. 2:13-cv-00164-RCJ-NJK, 2013 WL 2460452 (D. Nev. June 6, 2013) (granting summary judgment in favor of lender's assignee and holding that the foreclosure of an HOA lien did not extinguish the first mortgage).

For these reasons, the Court finds strong questions going to the merits of Plaintiff's cause of action for declaratory relief.

### B.   Likelihood of Irreparable Harm

To carry its burden, Plaintiff must also establish that it will likely suffer irreparable harm without the issuance of injunctive relief. *Winter*, 555 U.S. at 21. Plaintiff must "demonstrate a likelihood of irreparable injury—not just a possibility—in order to obtain preliminary relief." *Id.* At bottom, Plaintiff must show that "remedies available at law, such as monetary damages, are inadequate to compensate for th[e] injury." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Without the requested injunction, Defendants will likely sell the property at a Trustee's Sale. Given the uncertainty in the law, Plaintiff will suffer irreparable harm if the courts determine that Defendants' foreclosure extinguishes their interest, especially given that the exact calculation of this super priority lien is also unsettled.

### C.   Balance of Equities Tips Sharply Toward Plaintiff

The balance of equities tips sharply in favor of Plaintiff because, without this injunction, the HOA may sell the property and this sale may extinguish Plaintiff's interest before the Court resolves the merits of Plaintiff's declaratory judgment action.

### D.   Public Interest

"The public interest analysis for the issuance of [injunctive relief] requires [district

courts] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1138 (9th Cir. 2011) (citation omitted).  In this case, the Court finds no reason that the public interest would be harmed by the issuance of the requested injunction.  Accordingly, the lack of harm to the public interest also supports Plaintiffs' requested relief.

### IV.     BOND

Rule 65(c) of the Federal Rules of Civil Procedure requires that "[t]he court may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully . . . restrained." Fed. R. Civ. P. 65(c).  Thus, the primary purpose of such a bond is to safeguard Defendants from costs and damages incurred as a result of a preliminary injunction improvidently issued.

The Court finds that a bond of $1000.00 is appropriate.  Accordingly, this temporary restraining order will go into effect upon Plaintiff's posting a bond in the amount of $1000.00.

### V.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 2) is **GRANTED.**

**DATED** this 14th day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge